Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| IRIS JOSEFINA TOUS FERNÓS<br><br>PETICIONARIA<br><br>v<br><br>EX PARTE<br><br>Manuel Fernós Lopez Causante | TA2026CE00274 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2023CV02769 (401)<br><br>Sobre: Administración Judicial; Liquidación y Partición |
| --- | --- | --- |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de marzo de 2026.

Comparece ante este tribunal apelativo, la Sra. Iris Josefina Tous Fernós (señora Tous Fernós o peticionaria), mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 11 de julio de 2025, notificada el 14 de julio siguiente. Mediante este dictamen, el foro primario denegó la solicitud del Administrador Judicial, para la contratación de un abogado, para evaluar la factura que fuera presentada para el cobro por los abogados de la peticionaria y prohibió el pago de la misma con el dinero del caudal hereditario.

Por los fundamentos que expondremos a continuación, denegamos el auto de *certiorari* solicitado.

### I.

El presente caso tiene su génesis el 1 de septiembre de 2023 con la presentación de la *Petición de Administración Judicial, Nombramiento de Administrador y Contador-Partidor y Liquidación y*

*Partición de Caudal Hereditario* presentada por la señora Tous Fernós.[1]

En lo aquí concerniente, el 28 de mayo de 2025, el Administrador Judicial, CPA Eduardo R. Jiménez-Viñas, sometió mediante una moción informativa, el inventario sobre el caudal del causante.[2] Dos días después, el 30 de mayo, presentó ante el foro primario una moción solicitando autorización para contratar a un abogado que examine y analice una factura por $28,284.22 que le fuera presentada por los abogados de la peticionaria, para determinar aquellas partidas que pudieran considerarse que beneficie a todos los herederos e intentó incorporar la factura como parte del inventario para ser pagada con dinero de la comunidad hereditaria.[3]

El 3 de junio de 2025, los interventores, los señores Daniel Muñoz Fernós y Luis Muñoz Fernós, instaron un escrito intitulado *Moción Objetando Inventario presentado por el Administrador Judicial y Otros Asuntos.*[4] Mediante esta, arguyeron que, ante la falta de información, objetaban el inventario presentado por el Administrador Judicial. Asimismo, y en lo pertinente, estos señalaron que, como la firma de abogados que realizó la factura había sido contratada por la peticionaria y no por la sucesión, resultaba improcedente el pago mediante fondos del caudal hereditario.

El 11 de julio de 2025, notificada el 14 del mismo mes y año, el TPI emitió la *Resolución*[5] recurrida declarando *No Ha Lugar* a la solicitud del Administrador Judicial para la contratación de abogado para evaluar la factura de los abogados de la peticionaria y tampoco

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TPI,) Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 145.
[3] SUMAC TPI, Entradas núms. 146-149.
[4] SUMAC TPI, Entrada núm. 150.
[5] SUMAC TPI, Entrada núm. 174.

autorizó que se pague del caudal hereditario, ni parcial ni totalmente, la factura antes indicada. En esencia, la juzgadora razonó que "[n]o corresponde que herederos tengan que pagar honorarios de abogado a abogados que no han sido contratados y que tampoco fueron contratados por el Administrador Judicial una vez este tribunal así lo nombró".[6] Ello, tras determinar que, en efecto, la factura fue preparada por los representantes legales de la señora Tous Fernós. Señaló, además, que aun cuando la factura fue dirigida a la comunidad hereditaria, estos no fueron contratados por todos los miembros de la sucesión, sino por la peticionaria.

A su vez advirtió que, en el presente caso, existen varios herederos que mantienen posiciones distintas respecto a controversias sobre el caudal, y que han comparecido con sus respectivos abogados. De manera que, a su juicio, ordenar el pago de honorarios del dinero de la comunidad hereditaria a los abogados de la señora Tous Fernós, tendría el efecto práctico de imponerle al resto de los herederos el pago de honorarios por unos servicios que no han contratado.[7]  Esto, ante la realidad jurídica de que la comunidad hereditaria no tiene personalidad jurídica.

Inconforme con esta determinación, el 15 de julio de 2025, la peticionaria presentó una *Moción de Reconsideración.*[8]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 2 de febrero de 2026, notificada el 3 de marzo siguiente, el TPI emitió una *Resolución Interlocutoria* mediante la cual, entre otros asuntos, declaró *No Ha Lugar* el petitorio.[9]

Todavía en desacuerdo con lo determinado, la peticionaria acude ante este foro intermedio imputándole al TPI haber cometido el siguiente error:

---

[6] *Íd.*, a la pág. 4.
[7] *Íd.*, a las págs. 3-4.
[8] SUMAC TPI, Entrada núm.  175.
[9] SUMAC TPI, Entrada núm.  205.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA SOLICITUD DEL ADMINISTRADOR JUDICIAL PARA EL PAGO DE LOS GASTOS LEGALES INCURRIDOS EN BENEFICIO DE LA SUCESIÓN, ASÍ COMO LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA AQUÍ PETICIONARIA, SIN EVALUAR EL DESGLOSE SOMETIDO NI APLICAR LA NORMATIVA SUSTANTIVA Y JURISPRUDENCIAL PERTINENTE QUE RIGE LA MATERIA.

Analizado el recurso, y a tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de**

> **decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* de epígrafe deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento*

*TA*, 2025 TSPR 42, págs. 63, 215 DPR __ (2025), que dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006);

*Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140,155 (2000).

**III.**

En esencia, la peticionaria arguye que incidió el foro primario al declarar sin lugar a la solicitud del Administrador Judicial para el pago de los gastos legales detallados en la factura preparada por sus representantes legales. Esto debido a que, a su entender, el tribunal tiene el deber de examinar el desglose y determinar cuáles partidas constituyen gastos necesarios incurridos en interés común de los coherederos.

De entrada, advertimos que, analizado el recurso ante nuestra consideración, todo auto de *certiorari* presentado ante este foro intermedio debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no incluye la intervención de este foro apelativo mediante *certiorari* para revisar una determinación sobre la denegatoria de esta clase de solicitudes. Sin embargo, cabe señalar, a su vez, que aun si se encontrara entre los criterios de la Regla 52.1, *supra*, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40, *supra*.

Al respecto, examinado el recurso presentado, así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, tampoco procede intervenir en esta etapa de los procedimientos. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso. La peticionaria tampoco nos persuade a concluir que sea

necesaria ejercer nuestra facultad revisora para evitar un fracaso irremediable de la justicia.

Por otro lado, resulta menester destacar que la *Resolución* recurrida es una determinación bien fundamentada cuyo raciocino encuentra cómodo asilo en los fundamentos jurídicos expuestos en el dictamen por el TPI.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones